LONDO *v.* NORTHWESTERN COOPERAGE & LUMBER CO.

WORK AND LABOR—CONTRACTS—VALUE OF SERVICES—IMPLIED CONTRACTS.

Where plaintiff's brother had a logging contract with defendant which he abandoned before completing, and plaintiff began work on the same while his brother had charge, and continued to work until the contract was finished,

although under no legal obligation to do so, and defendant received the benefit of such services, he is entitled to recover for the services performed after the brother abandoned the job.

Error to Mackinac; Shepherd, J. Submitted January 25, 1918. (Docket No. 68.) Decided June 3, 1918. Rehearing denied October 7, 1918.

Assumpsit by Arthur Londo against the Northwestern Cooperage & Lumber Company for work and labor. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Reversed and judgment entered on the verdict, conditionally.

*Brown & Brown*, for appellant.

*G. R. Empson*, for appellee.

BIRD, J. Plaintiff sued defendant to recover for the services of himself, wife, and teams in assisting defendant on a logging contract, which had been let to Clarence Londo, plaintiff's brother, and later abandoned by him. The matter was submitted to a jury and they returned a verdict for plaintiff in the sum of $903.93. Defendant moved for a new trial and upon the argument thereof the trial court indicated its intention of setting aside the verdict and granting a new trial, whereupon plaintiff's counsel advised the court—

"that he would prefer, rather than have a new trial granted, that the court enter a judgment for the defendant, notwithstanding the verdict."

Defendant's counsel then moved for a directed verdict, and the same was granted.

The trial court was of the opinion that the verdict was against the weight of the evidence. This is the only question which we need consider. It appears that plaintiff's brother Clarence entered into a contract with defendant early in June, 1914, to get out

and deliver certain logs, ties, posts, etc., to defendant's mill at certain stipulated prices.   He continued to work on the contract until January 7, 1915, when he abandoned it and went away.   Plaintiff began work while his brother Clarence was on the job and continued to work until the contract was finished in June, 1915.   He furnished three teams and an extra horse to haul lunches to the men.   His wife cooked for the men at different times before and after Clarence abandoned the job.   From time to time plaintiff received orders on defendant signed by Clarence and they were paid, and there was one payment made after Clarence left.   Defendant denies that it employed plaintiff and denies that it had any contract relations with him and insists that he was employed by his brother Clarence and afterwards undertook to execute Clarence's unfinished contract.

We are impressed, after a review of the testimony, that that portion of the verdict which represents plaintiff's claim for services prior to January 7th is against the weight of the evidence, but we are not able to reach this conclusion as to services which were furnished or performed by him after that date.   After Clarence Londo abandoned the contract plaintiff was under no legal obligation to continue to work, but he did, and defendant has had the benefit of his services, the services of his wife and seven horses, and it does not appear that he has been paid for the same.   If plaintiff is willing to, and does, consent upon the record on or before July 1st, 1918, to a reduction of the judgment to cover this part of the work, the judgment may be affirmed for that amount, otherwise the judgment will be reversed and a new trial granted.   Plaintiff will recover his costs in either event.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J.

OSTRANDER, C. J. In my opinion the most that the court can say is that the court below was in error in entering a judgment *non obstante* because there was testimony supporting a verdict and judgment for plaintiff. I am also of opinion that other assignments of error ought to be discussed.